STATE, ex rel. ALL FLORIDA LAND COMPANY and PENINSULAR EXPLORATION COMPANY, v. THOMAS MANORS, INC., et al.

186 So. 421.

Opinion Filed January 31, 1939.

Rehearing Denied February 24, 1939.

*McKay, Macfarlane, Jackson & Ramsey,* for Petitioners; *B. R. Cisco* and *Emett C. Choate,* and *Julius F. Parker,* for Respondents.

TERRELL, C. J.,—On November 27, 1937, Thomas Manors, Inc., *et al.,* secured a judgment in an action at law in the Circuit Court of Dade County against All Florida Land Company and Peninsular Exploration Company, petitioners herein. Execution was placed in the hands of the Sheriff of said County, who made two attempts to recover thereon but each attempt resulting in failure, he entered his return, "no property in the county on which execution could be levied."

The judgment creditor, Thomas Manors, Inc., then instituted proceedings supplementary to execution as provided by Section 4540, *et seq.,* Compiled General Laws of 1927, by filing its affidavit in the Circuit Court of Dade County and procuring a commissioner to be appointed to hold hearings in Lake County, the legal residence of All Florida Land Company and Peninsular Exploration Company, to determine what assets they had in that County subject to execution and particularly to determine the good faith of that certain judgment entered against them December 6, 1937.

At this stage of the proceeding, petitioners secured from this Court a rule *nisi* in prohibition withholding further steps in the proceedings supplementary to execution on the theory that the Circuit Court of Dade County had no juris-

diction to have the inquiry and investigation made as to petitioner's assets in Lake County by a commissioner appointed in Dade County. Respondents have filed their return to and moved to dismiss aid discharge the rule *nisi*.

Had the Circuit Court of Dade County power under Section 4540, Compiled General Laws of 1927, to appoint a commissioner in said county to conduct proceedings supplementary to execution and authorize him to hold hearings in Lake County, the resident county of the judgment creditors, is the main question we are required to answer.

The answer to this question involves an interpretation of Section 4540, Compiled General Laws of 1927, which is as follows:

"At any time after an execution shall have been in the hands of any Sheriff of this State and returned unsatisfied, the plaintiff in execution, his agent or attorney, may make and file in the court from which such execution issued, an affidavit affirming such fact and also that said execution is valid and outstanding, and also stating the residence of the defendant, and the plaintiff shall thereupon be entitled to have from the judge of said court an order requiring the defendant or defendants in said execution to be and appear in case the residence of defendant is in the county in which the court is located, before the judge of said court or some commissioner designated in said order, and in case the residence of defendant is in another county, then before some commissioner designated in said order in that other county, at a time and place specified in said order and then and there to be examined concerning his property."

By the plain terms of the statute so quoted proceedings supplementary to execution cannot be instituted until an execution is placed in the hands of "any sheriff of the State and returned unsatisfied." . When this is done, the plaintiff in execution may begin proceedings supplementary to ex-

ecution by filing the affidavit specified and the judge shall then make an order requiring the defendant in execution to appear before him or his commissioner appointed in the same order and in the County where the Court is located. If the residence of the defendant is in another county, the order of the judge shall name a commissioner "in that other county" then and there at the time and place specified "to be examined concerning his property."

Petitioners contend that the appointment of a commissioner to proceed under the terms of the act in Lake County was ineffective prior to placing the execution in the hands of the Sheriff of that County and having it returned unsatisfied. If attempt to realize on the judgment had first been made in Lake County, this contention would be well grounded but having made this attempt in the County of the residence of the Court, the statute does not require that it be made in the County of the defendant's residence if that be different from the Court's. It is required however that when residence of the defendant is in a different County from that of the Court, a commissioner must be appointed in the County where the defendant resides if attempt to locate assets on which the execution will operate is to be made.

It follows the motion to dismiss the rule *nisi* must be and is hereby denied.

It is so ordered.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.